**HUI–YUAN SONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–4981–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2006.

Jie Han, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the December 28, 2005 due date specified in the scheduling order issued on October 28, 2005, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Hui–Yuan Song, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Helen Sichel's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). We review questions of law and the application of law to fact de novo. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's ultimate conclusion that Song failed to meet his burden of proof with credible, detailed testimony, corroboration, or a combination. First, the IJ correctly determined that he failed to establish his identity, when he traveled to the United States with a passport and visa in another name, and changed his testimony significantly about how he obtained that visa. Song claimed that the visa contained his picture and his brother's name, and that his brother helped him obtain the visa, but he failed to produce any statement from, or identity documents for, his brother.

Additionally, Song's testimony about his involvement with Falun Gong in China was spare, even after significant probing from the government attorney. He also failed to establish that his belief that the Chinese authorities would become aware of his Falun Gong activities in the United States and punish him was objectively reasonable. His only evidence to substantiate this claim was a photograph of him among numerous demonstrators at a 2003 protest in Chicago, which he insisted his attorney told him would be sufficient. Because the questions about his identity put his credibility in question, the IJ specifically pointed out that statements from relatives would have provided helpful corroboration. Song admitted that such statements were reasonably available, and thus, the IJ reasonably faulted him for failing to provide rehabilitative corroboration. *See Zhou Yun Zhang,* 386 F.3d at 78; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir. 2003). The IJ reasonably determined that the evidence in the record was insufficient to establish an objectively reasonable fear, or a clear probability, of future persecution. Finally, Song waived his CAT claim by failing to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).